c

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ERIC NICHOLS, Plaintiff | CIVIL ACTION NO. 1:18-CV-00441 |
| VERSUS | JUDGE DRELL |
| WRIGHT NATIONAL FLOOD INSURANCE CO., Defendant | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

Before the Court is a Rule 12(b)(6) Motion to Dismiss, filed by Defendant Wright National Flood Insurance Co. ("Wright"). (Doc. 7). Plaintiff Eric Nichols ("Nichols") filed a brief (2-page) response. (Doc. 15). Wright's Motion to Dismiss (Doc. 7) should be granted because Nichols's state law claims are preempted.

I.  Background

On March 7, 2018, Nichols filed this lawsuit in the Ninth Judicial District Court, Rapides Parish, State of Louisiana. (Doc. 1-1). Nichols named Wright, his flood insurance company, as the sole defendant. (Doc. 1-1). Nichols alleges his home was flooded due to severe weather on April 2, 2017. (Doc. 1-1). Nichols claims Wright partially paid his claim for damages from the April 2, 2017 flood. (Doc. 1-1). Nichols alleges Wright breached its duty to their insured by denying full payment for his flood claim. (Doc. 1-1). Nichols asserts negligence and/or strict liability claims against Wright for failing to fully evaluate the claim and for "[f]ailing to see what should have been seen." (Doc. 1-1). Nichols claims the following damages: "expenses (past,

1

present, and future), mental anguish aggravation (past, present, and future), inconvenience, loss of enjoyment of life, property damage to his home, loss of tranquility, diminished value in property, contents of his home, and repair costs." (Doc. 1-1).

Nichols also claims Wright violated their duty of good faith under La. R.S. 22:1973. (Doc. 1-1). Nichols seeks penalties under La. R.S. 22:1973. (Doc. 1-1). Nichols also seeks legal interest and costs. (Doc. 1-1).

Wright removed based upon this Court's original exclusive jurisdiction under 42 U.S.C. § 4072, and federal question jurisdiction under 28 U.S.C. § 1331. (Doc. 1). Wright asserts it is a Write-Your-Own Program ("WYO") insurance carrier participating in the National Flood Insurance Program ("NFIP"), under the National Flood Insurance Act of 1968 ("NFIA"), as amended, 42 U.S.C. § 4001, *et seq.* (Doc. 1). Wright alleges that Nichols claims it breached the Standard Flood Insurance Policy ("SFIP") it issued to Nichols by failing to pay the full amount of flood insurance benefits as a result of a flood on April 2, 2017. (Doc. 1). Wright alleges Nichols asserts various other damages under state law. (Doc. 1).

Wright now seeks dismissal of all Nichols's claims, except his claim for breach of the SFIP under Rule 12(b)(6). (Doc. 7). Specifically, Wright seeks dismissal of Nichols's claims for negligence, strict liability, violations of La. R.S. 22:1973, penalties, expenses, mental anguish aggravation, inconvenience, loss of enjoyment of life, property damage, loss of tranquility, diminished value, contents of his home, repair costs, litigation costs, general damages, and special damages. (Doc. 7). Wright

alleges Nichols's state law claims are preempted and barred under federal statutory, regulatory, and common law. (Doc. 7-1). Wright further alleges Nichols's claim for interest is barred by the "no interest rule." (Doc. 7-1). Wright attaches its flood declarations page in support of its motion to dismiss. (Doc. 7-1).[1]

Nichols filed a brief opposition. (Doc. 15). Nichols simply seeks to reserve any and all remaining claims that he would have available to him under the flood policy and his rights to proceed forward with the litigation. (Doc. 15). Nichols further asserts he is not in receipt of the policy. (Doc. 15). Nichols did not otherwise address Wright's arguments. (Doc. 15).

II.   Law and Analysis

    A.   Standards governing the 12(b)(6) Motion to Dismiss

A court may grant a motion to dismiss for "failure to state a claim upon which relief can be granted" under Fed. R. Civ. P. 12(b)(6). A pleading states a claim for relief when, *inter alia*, it contains a "short and plain statement . . . showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter accepted as true," to "state a claim to relief that is plausible on its face."

---

[1] The Court may consider a document attached to a motion to dismiss if it is referenced in plaintiff's complaint and central to his claim. See In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007). Courts may consider documents meeting these criteria without converting the motion to dismiss into one for summary judgment. See Causey v. Sewell Cadillac-Chevrolet, Inc., 394 F.3d 285, 288 (5th Cir. 2004). Here, Nichols's Complaint refers to the policy of flood insurance issued by Wright for flood coverage for his alleged damages, and the policy is central to his claims. (Doc. 1-1). Additionally, Nichols does not object to the document. (Doc. 15). Therefore, the Court has considered Wright's declarations page. (Doc. 7-2).

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Plausibility does not equate to possibility or probability; it lies somewhere in between. Id. Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. See Twombly, 550 U.S. at 556. The court must view all well-pleaded facts in the light most favorable to the plaintiff. Yumilicious Francise, L.L.C. v. Barrie, 819 F.3d 170, 174 (5th Cir. 2016).

Although the court must accept as true all factual allegations set forth in the complaint, the same presumption does not extend to legal conclusions. Iqbal, 556 U.S. at 678. A pleading comprised of labels and conclusions, a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement will not stand. Id. Similarly, where the well-pleaded facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has alleged – but not "shown" – that the pleader is entitled to relief. Id. at 679.

In determining whether a complaint states a plausible claim for relief, a court draws on its judicial experience and common sense. Id. In considering a motion to dismiss, a court can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. Id.

Generally, a court should not dismiss an action for failure to state a claim under Rule 12(b)(6) without giving plaintiff "at least one chance to amend." Hernandez v. Ikon Ofc. Solutions, Inc., 306 Fed.Appx. 180, 182 (5th Cir. 2009); accord Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 329 (5th Cir. 2002). However, that general rule does not apply if an amendment would be futile. Townsend v. BAC Home Loans Serv'g, L.P., 461 Fed.App'x. 367, 372 (5th Cir. 2011); Jaso v. The Coca Cola Co., 435 Fed.App'x. 346, 351–52 (5th Cir. 2011). Futility in this context means "that the amended complaint would fail to state a claim upon which relief could be granted . . . [Thus,] to determine futility, we will apply the same standard of legal sufficiency as applies under Rule 12(b)(6)." Stripling v. Jordan Prod. Co., 234 F.3d 863, 873 (5th Cir. 2000) (quotations and citations omitted); accord Fenghui Fan v. Brewer, 377 Fed.App'x. 366, 367 (5th Cir. 2010).

B. Nichols's state law claims are preempted by the NFIA.

The NFIA was established to "make flood insurance available on reasonable terms and to reduce fiscal pressure on federal flood relief efforts." Campo v. Allstate Ins. Co., 562 F.3d 751, 754 (5th Cir. 2009). The Federal Emergency Management Agency ("FEMA") administers the program, but private insurers (known as "write our own" or "WYO" insurers) issue flood insurance policies in their own names. Id. The WYO insurers perform the significant administrative functions, including "arrang[ing] for the adjustment, settlement, payment and defense of all claims arising from the policies." Id. (quoting Gallup v. Omaha Prop. & Cas. Co., 434 F.3d 341, 342 (5th Cir. 2005)). But the government ultimately pays a claim. Id. WYO

5

carriers must issue policies that contain the exact terms and conditions of the SFIP set forth in FEMA regulations. Campos, 562 F.3d at 754 (citing 44 C.F.R. §§ 61.4(b), 62.23(c)-(d) (2008) (mandating use of SFIP terms); 44 C.F.R. pt. 61, app. A(1) (setting forth SFIP terms)).

A policy issued under the NFIP is a SFIP and "is 'a regulation of [FEMA], stating the conditions under which federal flood-insurance funds may be disbursed to eligible policyholders.'" See Marseilles Homeowners Condominium Ass'n, Inc. v. Fidelity Nat. In. Co., 542 F.3d 1053, 1054 (5th Cir. 2008) (quoting Mancini v. Redland Ins. Co., 248 F.3d 729, 733 (8th Cir. 2001)). The SFIP includes a provision that: "This policy and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended (42 U.S.C. 4001, et seq.), and Federal common law." 44 C.F.R. Part 61, App. A(1), art. IX (What Law Governs). The federal court for the district where the property is located is granted jurisdiction to hear a suit by the claimant if the claimant is dissatisfied with the adjustment of a claim. 42 U.S.C. § 4053.

The Fifth Circuit has clearly held that federal law preempts state law tort claims arising from claims handling by a WYO insurer. Campo, 562 F.3d at 754 (citing Wright v. Allstate Ins. Co., 415 F.3d 384, 390 (5th Cir. 2005). But "federal law does not preempt state-law procurement-based claims." Id. at 757. "The key factor to determine if an interaction with an insurer is 'claims handling' is the status of the insured at the time of the interaction between the parties." Grissom v. Liberty Mut.

Fire Ins. Co., 678 F.3d 397, 401 (5th Cir. 2012) (citing Campo, 562 F.3d at 754). "If the individual is already covered and in the midst of a non-lapsed insurance policy, the interactions between the insurer and insured, including renewals of insurance, are 'claims handling' subject to preemption." Id. The Fifth Circuit has also held that the NFIA does not explicitly or implicitly authorize extra-contractual claims against WYO insurers based on federal common law. See Wright v. Allstate Ins. Co., 500 F.3d 390, 398 (5th Cir. 2007). Additionally, the Fifth Circuit held that federal law preempts state law bad faith claims arising out of claims submitted under the SFIP. Gallup, 434 F.3d at 343-45.

Here, Nichols asserts claims against Wright, a WYO insurer under the NFIP, for its alleged failure to pay his flood insurance claim from an April 2, 2017 flood to his home. (Doc. 1-1). Nichols alleges Wright breached its duty to him by denying full payment for the claim. (Doc. 1-1). Nichols does not dispute the attachment of the SFIP, nor does he dispute Wright's assertion that the flood insurance policy was issued under the NFIP. (Docs. 7-2, 15). Nichols's state law claims clearly pertain to or arise out of "claims handling" relating to adjudication of his flood claim after the SFIP was issued to him by Wright, a WYO. Federal law preempts state law tort claims arising from "claims handling" by a WYO. Grissom, 678 F.3d at 400 (citing Campo, 562 F.3d at 754). This includes extra-judicial claims for breach of duty of good faith and fair dealing and claims for statutory penalties and attorney's fees. See West v. Harris, 573 F.2d 873, 881 (5th Cir. 1978); Berger v. National Flood Ins. Program, 2013 WL 499310, at *5 (E.D. La. Feb. 7, 2013) (dismissing state law claims

7

under La. R.S. 22:1973); accord Favaro v. Wright National Flood Ins. Co., 2018 WL 3419271, at *3 (M.D. La. Jul. 13, 2018) (dismissing state law claims for damages, penalties, costs, expenses, interest, and attorney's fees). Thus, Nichols's state law tort claims, or extra-contractual claims, should be dismissed.

Additionally, Wright asserts Nichol's claim for interest is barred, citing Bercier v. Bernard, 2010 WL 4938657, at *4 (W.D. La. Nov. 29, 2010). (Doc. 7-1). In Bercier, this Court noted that the Fifth Circuit ruled that an award of prejudgment interest in lawsuits brought directly against FEMA are precluded by sovereign immunity. Bercier, 2010 WL 4938657, at *4 (citing In re Estate of Lee, 812 F.2d 253, 255-56 (5th Cir. 1987)) ("The Fifth Circuit has described the 'no interest' rule '[a]s a general rule [where] the United States is not liable for interest unless the liability is imposed by statute or assumed by contract.'"). Bercier also noted that the Eleventh Circuit, in analyzing In re Estate of Lee, held that a prejudgment interest award against a WYO company is in fact a direct charge on the public treasury and is thus forbidden by the "no interest" rule. Bercier, 2010 WL 4938657, at *5 (citing Newton v. Capital Assurance Co., Inc., 245 F.3d 1306, 1312 (11th Cir. 2001)). The Court in Bercier found Newman's reasoning compelling, and further found that payment by the WYO for denial of coverage would be precluded by the no-interest rule because it is a direct charge on the federal treasury. Id. Similarly, Nichols's claims for interest against Wright, a WYO, is barred by the "no-interest" rule.

Wright does not seek dismissal of Nichols's breach of contract claim arising under the NFIP. (Doc. 7). Thus, the sole remaining claim is Nichols's breach of contract claim against Wright.

### III. Conclusion

For the foregoing reasons,

IT IS RECOMMENDED that Wright's Rule 12(b)(6) Motion to Dismiss (Doc. 7) be GRANTED. Nichols's state law claims should be DISMISSED WITH PREJUDICE, as Nichols's claims under state law are preempted. Nichols's sole remaining claim is for breach of contract of the SFIP policy. 42 U.S.C. § 4072.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __16th__ day of January, 2019.

                                                Joseph H.L. Perez-Montes
                                                United States Magistrate Judge